IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JACQUELINE SMITH, *et al.*, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | No. 5:14-CV-243 |
| BRYAN STANDIFER, in his official | : | |
| capacity as Mayor, City of Monticello, | : | |
| *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER ON MOTION FOR EMERGENCY INJUNCTIVE RELIEF

Before the Court is an "Emergency Injunction Complaint to Require City of Montcello [*sic*] City Officials to Cease Action to Disband the City of Monticello Public Safety/Police Department" filed by *pro se* Plaintiffs Jacqueline Smith, Martha Pompey, and Doris Moore in their individual and official capacities as duly-elected officers of the Jasper-Monticello Southern Christian Leadership Conference Group ("SCLC").  As the Motion's title suggests, Plaintiffs seek a temporary restraining order prohibiting the disbandment of the Monticello Public Safety/Police Department.  Plaintiffs also request a "permanent restraining order" prohibiting Defendants from holding meetings in violation of the Georgia Open Meetings Act, O.C.G.A. § 50-14-1 *et seq*.  After reviewing the record, the Court finds this action must be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[1] In short, "federal courts are duty bound to consider subject matter jurisdiction *sua sponte*."[2] "Federal courts exercise limited subject matter jurisdiction, empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress."[3] Congress has permitted federal courts to exercise jurisdiction over diversity actions and cases arising under the Constitution or laws of the United States.[4] Diversity jurisdiction exists when a civil action alleges both an amount in controversy exceeding the sum or value of $75,000 and complete diversity of citizenship.[5] In contrast, federal question jurisdiction exists when a matter (1) is brought pursuant to the Constitution or a federal law that provides a private cause of action; or (2) state law claims pose a substantial, disputed question of federal law.[6]

Plaintiffs bear "the burden to 'affirmatively allege facts demonstrating the existence of jurisdiction.'"[7] In other words, the face of the complaint must

---

[1] *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409-11 (11th Cir. 1999) (outlining a federal court's duty to *sua sponte* consider its own subject matter jurisdiction).
[2] *Burr & Forman v. Blair*, 470 F.3d 1019, 1035 n.38 (11th Cir. 2006).
[3] *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).
[4] *See* 28 U.S.C. §§ 1331, 1332; *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006).
[5] 28 U.S.C. § 1332(a); *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989).
[6] *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).
[7] *Beavers v. A.O. Smith Elec. Prod. Co.*, 265 F. App'x 772, 778 (2008) (quoting *Taylor*, 30 F.3d at 1367).

"affirmatively allege facts demonstrating the existence of jurisdiction and include 'a short and plain statement of the grounds upon which the court's jurisdiction depends.'"[8]  The Court must dismiss a claim for lack of subject matter jurisdiction if it concludes the claim is not "colorable."[9]  For instance, dismissal is proper if a federal claim is immaterial, made solely for the purpose of obtaining federal jurisdiction, or wholly insubstantial.[10]  Although district courts apply a less stringent standard to *pro se* pleadings, as in the instant case, even *pro se* litigants must allege the essential elements of a claim for relief.[11]

In recognition of Plaintiffs' *pro se* status, this Court has thoroughly reviewed Plaintiffs' filings and cannot discern a basis for subject matter jurisdiction.  Plaintiffs do not cite a single federal statute in their request for injunctive relief or related exhibits; rather, they rely exclusively on Monticello city ordinances and state statutes, including the Georgia Open Meetings Act, O.C.G.A. § 50-14-1, *et seq*.  Further, Plaintiffs specifically allege this Court may exercise jurisdiction pursuant to O.C.G.A. § 15-6-8, which provides that Georgia's "superior courts have authority: (1) [t]o exercise original jurisdiction … of all causes, both civil and criminal, granted to them by the Constitution and laws" and "(2) [t]o exercise the powers of a court of equity."  Needless to say, this <u>state</u> statute does not provide a basis for <u>federal</u> jurisdiction.  The Court notes that

---

[8] *Taylor*, 30 F.3d at 1367 (quoting Fed. R. Civ. P. 8(a)).
[9] *Arbaugh v. Y & H Corp.*, 546 U.S. at 513 n.10 (2006).
[10] *Id.*
[11] *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

3

Plaintiffs also allude to Defendants' racially-motivated "agendas" and failure to address "environmental concerns"; however, these general references to Defendants' purported misconduct do not establish colorable claims under federal law sufficient to confer subject matter jurisdiction upon this Court.[12]  Finally, Plaintiffs and Defendants are all Georgia citizens; thus, this Court cannot exercise diversity jurisdiction over this case.

Based on the foregoing, this matter is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

**SO ORDERED**, this 30th day of June, 2014.

S/ C. Ashley Royal<br>
C. ASHLEY ROYAL, CHIEF JUDGE<br>
UNITED STATES DISTRICT COURT

BBP

---

[12] *See* [Doc. 1, ¶¶ 21-23]; *Arbaugh,* 546 U.S. at 513 n.10.